owner and holder of the said security deed and the property therein described being Motor Liens Incorporated;" that this is a separable controversy and between citizens of different States; "that this petition for removal is presented at the first or return term of plaintiffs' suit . . *as to petitioners,* . . and within the time allowed for such removal." The prayers were that the court proceed no further in the cause, except to make the order of removal as required by law, and accept the bond presented with the petition, and direct that a transcript of the record be made as provided by law. The plaintiffs filed objections to removal of the cause. They deny that Johnston is a mere nominal party and that there is a separable controversy between the plaintiffs and the petitioners for removal. They allege that for the purposes of the motion for removal the facts as alleged in the original petition must be accepted as true, and that according to them all of the defendants as joint wrong-doers were engaged in an enterprise to commit the injury of which the plaintiffs are complaining, namely, the .wrongful sale of the plaintiffs' property under a power of sale which is alleged to be void; that Johnston, who resides in the county where the suit was brought, was attempting to exercise the power of sale, and in so doing was engaged jointly with the other defendants, and as coprincipal with them, in an attempt to commit a positive wrong against plaintiffs; that he is a necessary party to the suit; and if the suit should be dismissed as against him, "neither this court nor the United States Court for the Southern District of Georgia could entertain jurisdiction of the case." The judge granted an order of removal. The plaintiffs excepted.

*Hinton Booth,* for plaintiffs.

*Lewis A. Mills, Henry McAleer,* and *G. S. Johnston,* for defendants.

---

## HILLANDALE NURSERY COMPANY *et al. v.* FORMAN.

On the uncontroverted allegations of the petition the court did not err in granting an injunction and appointing a receiver.

No. 5930.    FEBRUARY 25, 1928.

Injunctions, 32 C. J. p. 352, n. 94.    Receivers, 34 Cyc. p. 131, n. 43.

Injunction, etc.    Before Judge Camp.    Laurens superior court.
February 26, 1927.

*George B. Davis,* for plaintiffs in error.

*Whipple & McKenzie,* contra.

RUSSELL, C. J.    It appears that there was a hearing before the
judge of the superior court merely upon the petition and the de-
murrers thereto, presumably by consent, and that no evidence was
introduced.    The court did not pass upon the demurrers.    From
the petition it appeared:    On March 19, 1919, one of the defend-
ants, Anna L. Davis, procured from Charles Forman, the peti-
tioner, a loan of $2500, and conveyed to him the lands involved
in this litigation to secure the payment of this debt by security
deed.    No payment was made on the principal indebtedness, or
interest thereon since April 1, 1923, and in April, 1925, foreclosure
proceedings were instituted in the city court of Dublin.    To this
suit, the defendant, for the sole purpose of delaying the petitioner
in the collection of his debt, interposed a frivolous plea and answer
to said suit, admitted to be such by her husband and attorney,
George B. Davis.    Petitioner obtained judgment at the December
term, 1925, of said court, on which execution duly issued, which
execution was recorded on the general execution docket.    At the
request of the husband of defendant, and by reason of various
promises of settlement made by him, no levy was made of said
execution until June, 1926, at which time he requested that the
execution be levied and the property be sold on the first Tuesday
in August, 1926.    Accordingly the levy was made and the prop-
erty advertised for sale on said day, but the sale was arrested by
the filing of a claim to such property by the Hillandale Nursery
Co., of which company Mrs. Davis was secretary and treasurer,
and her husband was president.    At the call of the case for trial
the claim was withdrawn at the instance and request of Davis;
whereupon petitioner requested that an issue be made up and sub-
mitted to a jury, that damages might be awarded for the filing of
the claim for delay only, which issue is still pending.    After the
withdrawal of the claim petitioner caused the property to be re-
advertised for sale on the first Tuesday in December, 1926, and
Davis acting for claimant interposed a second claim, "then stat-
ing that any such second claim would be filed for the purposes of
delay only, with no title to said property in the claimant; and

further, that he would not permit said property to be brought to sale under plaintiff's execution, although subject to the payment of plaintiff's claim, so long as same could be prevented."

Upon the request of Davis the case was continued at the January term, 1927, of the superior court, on his representation that he was physically unable to attend court, which representation is alleged to have been made solely for the purpose of hindering and delaying petitioner in the collection of his debt, and in pursuance of the declared intention of Davis to prevent a sale of the property; both of such claims being frivolous and filed for the purposes of delay only. At the time of filing the present petition the aggregate indebtedness on said judgment was approximately $3600, and from a sale of the land levied upon it is perhaps possible to realize this sum; but the value of said property consists largely of a pecan nursery, without which it would be impossible to sell the property for an amount sufficient to pay petitioner's debt. Under the order of Davis a large number of pecan trees have been recently removed from the land; and it is the intention of him and his wife to strip such land of the nursery stock, resulting in great injury and damage to petitioner, and making it impossible for him to realize from a sale of the land an amount sufficient to pay his debt. The land and buildings thereon have been vacated and abandoned, and no one is in possession thereof; such buildings are badly neglected and in bad state of repair, with no one to properly care for them; one half of said land has been recently sold by the sheriff under a tax fi. fa. for State and county taxes against the claimant, at the direction of Davis, who failed to redeem from said sale. The defendants are hopelessly insolvent. Davis and wife are non-residents of the State; and the claimant has no office, officer, or place of business in said county. The petition prays that a receiver be appointed to take charge of the premises, with authority to make rent contracts for the same, to maintain proper insurance upon the buildings, to prevent the removal of said pecan trees or nursery stock, or further damage to the buildings; and that the defendants be enjoined from further trespassing upon the property. The court granted an interlocutory injunction, and appointed a receiver as prayed. The defendants excepted.

Upon the hearing the judge had before him only the allegations of the verified petition. Demurrers were filed, but these were not

ruled upon by the judge, though considered with the petition and the argument of counsel. So the allegations of the verified petition were uncontroverted. Under these allegations and the circumstances of the case disclosed thereby, the court did not err in granting an injunction or in appointing a receiver to take charge of and care for the property involved.

*Judgment affirmed. All the Justices concur.*